UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cr-00190-JPH-TAB |
| | ) | |
| JESSICA ROBLES, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER SUMMARILY REMANDING CASE TO STATE COURT**

Defendant Jessica Robles, proceeding pro se, filed a notice of removal, pursuant to 28 U.S.C. § 1443(1), removing this prosecution from Hamilton County Superior Court, cause number 29D03-2210-F2-007540. Dkt. 1. Recognizing that the notice of removal was filed well beyond the statutory deadline, Ms. Robles also asks the Court to allow the late filing under 28 U.S.C. § 1455(b)(1). *Id.* For the reasons stated below, the case is summarily **REMANDED** to Hamilton County Superior Court.

The statute governing the removal of a state criminal prosecution to federal court requires the Court to examine the notice of removal to determine whether the case may proceed or if it must be summarily remanded to the state court. 28 U.S.C. § 1455(b)(4). The statute further provides that the defendant removing the case must show that the removal is timely and identify a federal jurisdictional basis. 28 U.S.C. § 1455(b)(1) and (2). If the court concludes that removal should not be permitted, it "shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Ms. Robles contends that her right to "make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of their persons and property," under 42 U.S.C. § 1981 cannot be enforced in state court. Dkt. 1 at 1. Ms. Robles cites as evidence the lack of meaningful access to discovery while in jail, standby counsel being placed on her case over her objection, and a jury trial taking place without notice having been provided to her. *Id.*

She concedes that her notice of removal was untimely. Dkt. 1 at 2. Notice of removal of a criminal prosecution shall be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier[.]" 28 U.S.C. § 1455(b)(1). For good cause shown, the Court may allow the notice of removal to be filed outside of this time period. 28 U.S.C. § 1455(b)(1).

Ms. Robles was arraigned on October 24, 2022, dkt. 1 at 1, making her notice of removal due in November 2022. Ms. Robles argues that she has shown good cause to allow the notice of removal to be filed nearly 4 years after the statutory deadline. *Id.* at 2. She contends that she was taken to jail in 2026 and that while in jail, she was not allowed to keep the flash drive containing discovery and was only allowed access to it when "called out of [her] cell after midnight." *Id.* But Ms. Robles does not explain why not having access to discovery in 2026 prevented her from removing the case in 2022. Even if the Court considers the date of her arraignment to be June 2026 when she was brought before the court on an outstanding warrant, she was released

from jail in or around August 2026 and would presumably have regained access to the discovery flash drive then. *Id.* Ms. Robles does not explain why she did not file a notice of removal within 30 days of her release from jail. Ms. Robles thus has not shown good cause to allow her to file a notice of removal outside of the timeframe prescribed by the statute.

Even if Ms. Robles had shown good cause for the untimely notice of removal, this is not a case that could be removed under § 1443(1). § 1443(1) generally applies "only if the right alleged arises under a federal law providing for civil rights based on race and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law." *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997); *see State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966) ("§ 1443 applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights[.]"). Ms. Robles makes no allegations about rights granted in terms of equality other than vaguely claiming her right to "the full and equal benefit of all laws" was infringed upon. Dkt. 1 at 1. So § 1443(1) does not apply here.

Ms. Robles has not shown that her case fits into one of the limited circumstances where a state criminal prosecution may be removed to federal court, nor has she established good cause for filing the notice of removal later than what is allowed under the statute. Accordingly, her case must be summarily remanded to state court.

For these reasons, this case is summarily **REMANDED** to Hamilton County Superior Court.

**SO ORDERED.**

Date: 10/29/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JESSICA ROBLES
106 Folk St.
Potterville, MI 48876

State of Indiana
Hamilton County Prosecuting Attorney's Office
1 Hamilton County Square
Suite 134
Noblesville, IN 46060